**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 16-09944 BKT** |
| | **Chapter 11** |
| **HARO INVESTMENT CORP** | **Adversary No. 17-00056** |
| **Debtor(s)** | |
| **HARO INVESTMENT CORP** | |
| **Plaintiff** | |
| **vs.** | |
| **CONDADO 3, LLC** | |
| **Defendant(s)** | <span style="color:red">**FILED & ENTERED ON 06/06/2017**</span> |

**OPINION & ORDER**

Before this court is a *Motion to Dismiss Pursuant to FRBP 7012(b)* [Dkt. No. 14] filed by Defendant, Condado 3, LLC ("Defendant" or "Condado"), Debtor/Plaintiff Haro Investment Corporation's ("Plaintiff" or "Haro") *Reply to Motion to Dismiss Dkt. 14* [Dkt. No. 15], Defendant's *Response to Plaintiff's Reply to Motion to Dismiss Pursuant to FRBP 7012(b)* [Dkt. No. 16], and Plaintiff's *Sur-Reply to Response in Support of Motion to Dismiss Dkt. 16* [Dkt. No. 17]. For the

reasons set forth below, Defendant's *Motion to Dismiss Pursuant to FRBP 7012(b)* is GRANTED.

## I. Factual Background

Debtor/Plaintiff, Haro Investment Corporation, petitioned for reorganization under chapter 11 of the Bankruptcy Code on December 22, 2016. Defendant, Condado 3, LLC filed claim number 1-1 in the amount of $80,650.32. This claim is secured by a first mortgage in the principal amount of $110,000.00, with interest at the annual rate of 9.99%, recorded at page 161 of volume 792 of Cabo Rojo, sixth inscription of property number 23380 of Cabo Rojo, at the Registry of Property of Puerto Rico, San German Section. A Judgment was entered in relation to this debt on September 1, 2015, and notified on September 3, 2015, by the Superior Court of Puerto Rico, Mayaguez Section, (hereinafter "State Court"), in Civil No. ISCI2014-01583(306) - Banco Popular de Puerto Rico v. Yamil Ortiz Ortiz; Haro Investment Corp. (hereinafter the "State Court Judgment").

On February 27, 2017, Plaintiff filed a Complaint [Dkt. No. 1] which was then amended on March 4, 2017 [Dkt. No. 10]. In the Complaint, Plaintiff requests various alternate reliefs, (1) that Defendant be barred from filing a proof of claim for violations of the positive law of the land; or (2) that Defendant not be allowed to collect on an expired note; or (3) that Defendant no longer has a lien because it no longer has an existing obligation to guarantee, therefore Plaintiff requests the lien be stripped and the mortgage cancelled in the Registry of Property; or (4) that any proof of claim be allowed as non-priority unsecured for an amount not to exceed the amount it paid Banco Popular de Puerto Rico for the mortgage note, mortgage and/or debt, plus expenses with no interest since the

assignment in its favor has not been recorded in the registry of the Property of Puerto Rico.

On March 20, 2017, Defendant filed a *Motion to Dismiss Pursuant to FRBP 7012(b)* [Dkt. No. 14] pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). Defendant alleges that the Rooker-Feldman doctrine bars this court from granting the relief sought by Plaintiff for lack of subject-matter jurisdiction as a federal district court does not have subject-matter jurisdiction to hear a direct appeal from the final judgment of a state court. In addition, Defendant alleges that the Amended Complaint fails to substantiate a claim upon which the relief requested by Plaintiff can be granted.

On April 10, 2017, Plaintiff filed its *Reply to Motion to Dismiss Dkt. 14* [Dkt. No. 15]. In its Motion, Haro alleges that Condado lacks standing to raise a legal argument because it is not an authorized entity to do business in Puerto Rico since it is not registered with the Department of State of the Commonwealth of Puerto Rico. On April 25, 2017, Defendant filed a *Response to Plaintiff's Reply to Motion to Dismiss Pursuant to FRBP 7012(b* [Dkt. No. 16] it which they allege that Defendant's collection activities are specifically excluded from those activities which require prior authority to do business from the Commonwealth of Puerto Rico. Finally, on April 28, 2017, Plaintiff filed a *Sur-Reply to Response in Support of Motion to Dismiss Dkt. 16* [Dkt. No. 17] in which they allege that Defendant's actions do need prior authority to do business from the Commonwealth of Puerto Rico, as they are a Limited Liability Company, which is treated differently under Puerto Rico's Corporations Law.

## II.      Standard of Review

After a thorough review, this court finds that the Rooker-Feldman doctrine is applicable to the instant case. The relief requested in the Complaint has already been adjudicated in the State Court and the State Court Judgment is final and unappealable. This court discussed the Rooker-Feldman doctrine at length in the case of Rodriguez Vasquez v. Reo Properties Corp. (In re Vasquez), 467 B.R. 550 (Bankr. D.P.R. 2012). The legal analysis of the Rooker-Feldman doctrine provided in In re Vasquez is applicable to the case presently before the court:

> Under 28 U.S.C. § 1257, only the United States Supreme Court has jurisdiction to hear appeals from final state court judgments. Under 28 U.S.C. § 1331, federal district courts can only exercise original jurisdiction", not appellate jurisdiction. The Supreme Court merged the two statutes in two cases: Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983), commonly known as the Rooker-Feldman doctrine. The Rooker–Feldman doctrine is "jurisdictional in nature" and therefore "if a case is dismissed because the Rooker-Feldman doctrine applies, it means the court has no subject-matter jurisdiction to hear the case." Mills v. Harmon Law Offices, P.C., 344 F.3d 42, 44 (1st Cir. 2003), citing In re Middlesex Power Equip. & Marine, Inc., 292 F.3d 61, 66 (1st Cir. 2002). In essence, the Rooker-Feldman doctrine prohibits lower federal courts to sit in direct review of final state court judgments --unless Congress has specifically authorized such relief—and that therefore federal courts should not become a court of appeals for state court decisions. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005); Miller v. Nichols, 586 F.3d 53, 58 (1st Cir. 2009) ("Rooker-Feldman bars jurisdiction whenever parties who lost in state court seek review and rejection of that judgment in federal court"); Puerto Ricans for P.R. Party v. Dalmau, 544 F.3d 58, 68 (1st Cir. 2008); Schwartz v. Schwartz (In re Schwartz), 409 B.R. 240, 246-247 (B.A.P. 1st Cir. 2008).
>
> In Puerto Rico, a judgment is a decision that finally resolves the controversy before the State Court so that an appeal may be taken. See P.R. Rule 43.1 of Civil Procedure, 32 L.P.R.A. Ap. V R. 43.1 (2009), and U.S. Fire Insurance Co. v.

Autoridad de Energia Electrica, 2000 TSPR 133, 151 D.P.R. 962, 967, 2000 Juris P.R. 146 (2000). A judgment becomes final and firm ("final y firme"), *ergo* executable, when it is no longer appealable or subject to reconsideration. Suarez Morales v. Estado Libre Asociado de Puerto Rico, 2004 TSPR 84, 162 D.P.R. 43, 62, 2004 Juris P.R. 89 (2004), citing Bolivar v. Aldrey, 12 P.R.R. 261, 12 D.P.R. 273 (1907). Also see Pagán del Joglar v. Cruz Rivera, 163 D.P.R. 750, 757, 1994 Juris P.R. 111 (1994); Cárdenas Maxán v. Rodríguez, 19 P.R. Offic. Trans. 685, 119 D.P.R. 642, 654 (1987); Figueroa v. Bayron, 75 P.R.R. 928, 75 D.P.R. 987, 989 (1954)." In re Vasquez, 467 B.R. at 552-554.

The State Court Judgment in favor of Banco Popular de Puerto Rico was later assigned and transferred to Defendant Condado. The State Court adjudicated the issues at law raised in the Complaint [Dkt. No. 1] and the Amended Complaint [Dkt. No. 10]. Thus the bankruptcy court concludes that it is devoid of subject-matter jurisdiction to entertain these matters. Having reached this determination, the other arguments raised by the parties are not relevant.

**III.    Conclusion**

For the reasons stated above, this court concludes that the Rooker-Feldman doctrine is applicable in the instant case, since the controversies have already been adjudicated by the State Court and the same are final and unappealable. Therefore, this court lacks subject-matter jurisdiction to entertain the Complaint.

WHEREFORE, IT IS ORDERED that Defendant's *Motion to Dismiss Pursuant to FRBP 7012(b)* [Dkt. No. 14] is GRANTED. The Complaint is hereby DISMISSED.

SO ORDERED

In San Juan, Puerto Rico this 6th day of June, 2017.

Brian K. Tester
U.S. Bankruptcy Judge